

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 21, 1965

Mrs. Bess Blackwell　　　　　　　Opinion No. C-532
Executive Secretary
State Board of Hairdressers　　Re: Whether a licensed beauty
　and Cosmetologists　　　　　　operator may work in a barber
Austin, Texas　　　　　　　　　　shop giving shampoos, hair col-
　　　　　　　　　　　　　　　　　oring, or styling the hair of
Dear Mrs. Blackwell:　　　　　　male patrons of the shop.

　　　　Your request for an opinion poses the following
question: Whether a licensed beauty operator is eligible to
work in a barber shop doing (1) shampooing, (2) hair coloring,
or (3) styling the hair of male clients.

　　　　Article 734b, Vernon's Penal Code, is commonly known
as the Hairdressers and Cosmetologists Law. Article 734a, Ver-
non's Penal Code, is commonly known as the Texas Barber Law.
Both set up different State agencies for the regulation of
their respective practices.

　　　　Article 734b, Section 10(g), provides:

　　　　　　"The Board may refuse to issue or to
　　　　renew or may suspend or revoke any license
　　　　issued in accordance with the provisions
　　　　of this Act for the following reasons:

　　　　　　". . .

　　　　　　"(g) Practicing hairdressing or cos-
　　　　metology outside of a beauty shop except
　　　　as provided by Section 12 of this Act."

　　　　Section 12 of this Act provides the only exception
to the practicing of hairdressing and cosmetology outside of
a beauty shop and it is as follows:

　　　　　　". . . Provided, further, that nothing
　　　　in this Act shall prohibit a person licensed
　　　　under this Act from performing duties as pre-
　　　　scribed by this Act in the home of a customer
　　　　in cases of emergency, when sent by a shop
　　　　owner. . . ."

-2542-

This Section also permits work upon the hair to be performed in a private home when done without charge.

From the above sections, it is clear that the only way a licensed beauty operator may perform their services outside a licensed beauty shop is (1) in the home of a customer in cases of emergency when sent by a shop owner or (2) work upon the hair of a person when performed in a private home without charge of fee.

Article 734a, Section 1, Vernon's Penal Code, provides:

"It shall be unlawful for any person to engage in the practice or attempt to practice barbering in the State of Texas without a certificate or registration as a registered barber issued pursuant to the provisions of this Act, by the Board of Barber Examiners hereinafter created." (Emphasis added)

Section 4(a) of said Act provides:

". . . and the practice of barbering is hereby defined to be the following practices for hire or reward when not done in the practice of medicine, surgery, osteopathy, or necessary treatments of healing the body by one authorized by law to do so;

"(a) Shaving or trimming the beard or cutting the hair." (Emphasis added)

Section 4(b) provides:

"By giving any of the following treatments by any person engaged in shaving or trimming the beard and/or cutting the hair;

". . .

"(2) Singeing, shampooing, or dyeing the hair or applying hair tonics;

". . ." (Emphasis added)

Article 734a, Section 6, Vernon's Penal Code, provides:

"It shall be unlawful for any person
to follow the occupation of cutting hair,
or practice as a haircutter in any beauty
shop or hair dressing parlor or elsewhere
for hire as hereinbefore provided unless
excepted by this act, unless such person
shall have first obtained a Certificate,
as herein provided, which certificate shall
authorize the cutting of hair only in such
parlor or establishment where such hair-
cutting is for hire or reward. . . ."

No exception is found in this Act which allows a licensed beauty operator to perform the services of barbering about which you request, i.e., cutting the hair, shampooing the hair and dyeing the hair, without first complying with the licensing provisions of the Texas Barber Law.

From the above statutes, it is clearly seen that before a person can perform the services of a barber, they must first comply with the regulations of, and be licensed by, the Board of Barber Examiners of the State of Texas. Before a person may perform the services of hairdressing and cosmetology, they must comply with the regulations of, and be licensed by, the Board of Hairdressers and Cosmetologists of the State of Texas. Further, any licensed hairdresser and cosmetologist who performs his services outside a licensed beauty shop, with the exception noted in Article 734b, Section 12, Vernon's Penal Code, above, may have his license suspended or revoked if it has previously been issued or the Board may refuse to issue or renew his license, whichever is applicable.

## SUMMARY

A licensed beauty operator may not
work in a barber shop giving shampoos,
hair coloring, or styling the hair of
male patrons of the shop.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: _Dunklin Sullivan_
DUNKLIN SULLIVAN
Assistant Attorney General

DS/lbh

-2544-

Mrs. Bess Blackwell, Page 4 (C- 532)

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
Ralph Rash
Tom Mack
W. O. Shultz
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright